IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALIRAJ ENTERPRISES, INC., | ) | |
| d/b/a BROADWAY GROCERY | ) | |
| STOP, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CV. NO. SA-12-CV-00389-DAE |
|   vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Defendant. | ) | |
| _____ | ) | |

ORDER DENYING THE UNITED STATES OF AMERICA'S MOTION FOR
SUMMARY JUDGMENT

On February 25, 2013, the Court heard the United States of America's

Motion for Summary Judgment ("Motion").  R. Carlo Garcia, Esq., appeared at the

hearing on behalf of Aliraj Enterprises, Inc. ("Plaintiff"); Mitchell L. Weidenbach,

Esq., appeared at the hearing on behalf of the United States of America ("the

Government").  After reviewing the Motion and the supporting and opposing

memoranda, the Court **DENIES** the Government's Motion.  ("Mot.," Doc. # 14.)

BACKGROUND

Plaintiff Aliraj Enterprises, Inc. owns the Broadway Grocery Stop, a

convenience store in San Antonio, Texas that is operated by Rahim and Rozina

Habib, Plaintiff's shareholders.  The Broadway Grocery Stop participates in the

Supplemental Nutrition Assistance Program ("SNAP").  SNAP is authorized by the

Food Stamp Act of 1964, 7 U.S.C. § 2011, <u>et seq.</u>, and administered by the Food

and Nutrition Service ("FNS") of the United States Department of Agriculture

("USDA").  It aims to "permit low-income households to obtain a more nutritious

diet . . . by increasing [their] food purchasing power," and allows eligible

households to purchase food items using SNAP benefits.  <u>See</u> 7 U.S.C. §§ 2011,

2014.  Retail food stores must be approved for participation in SNAP, and are

subject to disqualification for violations of the Food Stamp Act.  <u>See</u>  7 U.S.C.

§§ 2013(a), 2021.

　　　　　The following facts are not in dispute.  The Food and Nutrition

Service ("FNS") of the USDA, which administers SNAP, commenced an

investigation of Plaintiff in July of 2011.  (Mot. at 3.)  Plaintiff had never before

been charged with a SNAP violation.  (Doc. # 7 ¶ 5.)  Undercover informants

visited Broadway Grocery Store on six occasions between July 27, 2011 and

August 25, 2011.  (<u>Id.</u>)  On three occasions, the informants attempted to purchase

non-food, SNAP-ineligible items using SNAP benefits and were permitted to do so

by a store employee in violation of the Food Stamp Act and its implementing

regulations.  (<u>Id.</u>; "Compl.," Doc. # 1 ¶ 2.)

The Southwest Regional Office's Retailer Compliance Center ("Compliance Center") of the FNS sent a charge letter to Plaintiff on September 29, 2011.  (See Administrative Record, "AR," Doc. # 8-1 at 7–8.)  Plaintiff subsequently contacted the Compliance Center to respond to the charges, claiming that its system did not allow customers to buy non-food items using SNAP benefits.  (AR at 32.)  In support of this claim, Plaintiff sent register receipts to the Compliance Center showing that the non-food items had been paid for with cash.  (Id.)  Closer inspection revealed that non-food items had in fact been paid for using SNAP benefits, but the system had been manipulated to reflect a cash payment.  (Id. at 33–34.)

On October 18, 2011, the Compliance Center notified Plaintiff that it had determined that the violations cited in the charge letter had occurred.  (AR at 35.)  As a sanction, the Compliance Center disqualified Plaintiff from SNAP for six months.  (AR at 35.)  The letter stated that the Compliance Center had considered Plaintiff's eligibility for a hardship civil money penalty ("CMP") under 7 C.F.R. § 278.6(f)(1)[1] in lieu of disqualification and concluded that Plaintiff was

---

[1]  Section 278.6(f)(1) provides:
FNS may impose a civil money penalty as a sanction in lieu of disqualification when the firm subject to a disqualification is selling a substantial variety of staple food items, and the firm's disqualification would cause hardship to food stamp households because there is no other authorized retail food store in the area selling as large a variety

"not eligible for a CMP because there were other authorized retail stores in the area selling as large a variety of staple foods at comparable prices."  (Id.)

On October 24, 2011, Plaintiff submitted a timely request for review to the Chief of the Administrative Review Branch of the USDA.  (AR at 38.)  In the request for review, Plaintiff asserted that in six years of operation, the Broadway Grocery Stop had never been cited for a SNAP violation; the instant violations were committed by an employee inadvertently and without the owner's knowledge; the employee responsible had been admonished; and Plaintiff was in the process of obtaining a "Mercury Payment System," which would ensure that only eligible items were paid for with SNAP benefits.  (Id.)  The USDA issued a Final Agency Decision on March 26, 2012, concluding that there was sufficient evidence to support a finding that a six-month disqualification was properly imposed on Plaintiff.  (AR at 51.)

On April 24, 2012, Plaintiff filed the instant action, seeking judicial review of the Final Agency Decision pursuant to Section 14 of the Food and Nutrition Act of 2008, 7 U.S.C. § 2023, and Section 279.7 of the implementing

of staple food items at comparable prices.  FNS may disqualify a store which meets the criteria for a civil money penalty if the store had previously been assigned a sanction.  A civil money penalty for hardship to food stamp households may not be imposed in lieu of a permanent disqualification.

regulations, 7 C.F.R. § 279.7.  (Compl.)  Plaintiff alleges that the imposition of a

six-month disqualification is improper because the USDA failed to consider the

following mitigating factors: (1) that the SNAP violations were committed

inadvertently by a store employee who was subsequently terminated; (2) Plaintiff

has operated Broadway Grocery for more than six years and has never before been

cited for SNAP violations; and (3) Plaintiff has implemented a Mercury Payment

System that ensures that only eligible items are purchased with SNAP benefits.

(Compl. ¶¶ 4–6.)  Plaintiff also alleges that the USDA erred by finding that it was

not eligible for a CMP, claiming that it is one of only a few SNAP-authorized retail

stores in its area and its disqualification will create a hardship to customers.

(Compl. ¶ 7.)

On May 11, 2012, Plaintiff filed a Motion to Stay Administrative

Action during the pendency of the instant action.  (Doc. # 4.)  On May 29, 2012,

the Government notified the Court that it did not intend to initiate enforcement of

the six-month disqualification until after the Court concluded its review of the

administrative action.  (Doc. # 6.)  The Court denied Plaintiff's Motion to Stay on

June 18, 2012.

On September 24, 2012, the Government filed the instant Motion for

Summary Judgment ("Motion").  ("Mot.," Doc. # 14.)  On October 9, 2012,

Plaintiff filed a Response in Opposition to the Motion.  ("Opp.," Doc. # 16.)  On

October 16, 2012, the Government filed a Reply in further support of its Motion.

("Reply," Doc. # 17.)  The matter was reassigned to this Court on January 2, 2013.

(Doc. # 19.)

STANDARDS OF REVIEW

I.      Review of Final Agency Decision

        Title 7, U.S.C. § 2023 provides for judicial review of final agency

decisions disqualifying retail food stores from participation in SNAP.  7 U.S.C.

§ 2023(a)(13).  A suit for review "shall be a trial de novo by the court in which the

court shall determine the validity of the questioned administrative action in issue."

7 U.S.C. § 2023(a)(15).  The court may review not only the determination that a

violation took place but also the propriety of the sanction imposed.  Otto v. Block,

693 F.2d 472, 473 (5th Cir. 1982).  "To be 'valid,' a sanction must not be arbitrary

and capricious, and a sanction is arbitrary and capricious if it is unwarranted in law

or without justification in fact."  Goodman v. United States, 518 F.2d 505, 511–12

(5th Cir. 1975) (quoting Cross v. United States, 512 F.2d 1212, 1218 (4th Cir.

1975)).  If the agency's sanction conforms to federal regulations and internal

agency guidelines, the reviewing court may not deem it arbitrary and capricious.

Otto, 693 F.2d at 474.

II.    <u>Motion for Summary Judgment</u>

Summary judgment is granted under Federal Rule of Civil Procedure 56 when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); <u>see also</u> <u>Cannata v. Catholic Diocese of Austin</u>, 700 F.3d 169, 172 (5th Cir. 2012). The main purpose of summary judgment is to dispose of factually unsupported claims and defenses. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323–24 (1986).

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. <u>Id.</u> at 323. If the moving party meets this burden, the non-moving party must come forward with specific facts that establish the existence of a genuine issue for trial. <u>ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.</u>, 699 F.3d 832, 839 (5th Cir. 2012). In deciding whether a fact issue has been created, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 150 (2000). However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." <u>Brown v. City of Hous.</u>, 337 F.3d 539, 541 (5th Cir. 2003).

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsuhita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 289 (1968)).

## DISCUSSION

As a preliminary matter, the Court notes that Plaintiff does not deny that the SNAP violations occurred.  (See Compl.)  Thus, the only issue before the Court is whether the sanction imposed was arbitrary and capricious.

The Government moves for summary judgment, arguing that the facts show that the USDA's actions were not arbitrary and capricious and are supported by both law and fact.  (Mot.)  Specifically, the Government points out that the Final Agency Decision addressed each of the mitigating factors Plaintiff claims the USDA failed to consider.  (Mot. at 5 (citing to AR at 52–56).)  The Government claims that a six-month disqualification is the appropriate sanction under the governing federal regulations for the violation committed.  (Mot. at 5.)  Finally, the Government contends that the USDA's rejection of Plaintiff's request for a CMP in lieu of disqualification was proper in light of the Compliance Center's finding that there are other authorized stores in the area "selling as large a variety of staple food items at comparable prices."  (Id.)

8

The Court agrees that the sanction imposed conforms to the governing federal regulations.  Indeed, even Plaintiff does not appear to dispute that a six-month disqualification is authorized by the implementing regulations.  (See Opp.) Title 7 C.F.R. § 278.6 authorizes the FNS to "disqualify any authorized retail food store . . . from further participation in [SNAP] if the firm fails to comply with the Food Stamp Act of 1977," and states that disqualification shall be for a period of 6 months to 5 years for the firm's first violation, depending upon the violation committed and the attendant circumstances.  7 C.F.R. § 278.6(a).  Section 278.6(e)(5), which the USDA concluded applies to Plaintiff's violation (AR at 54–55), directs the agency to:

> Disqualify the firm for 6 months if it is to be the first sanction for the firm and the evidence shows that personnel of the firm have committed violations such as but not limited to the sale of common nonfood items due to carelessness or poor supervision by the firm's ownership or management.

7 C.F.R. § 278.6(e)(5).

Plaintiff's violation clearly falls within the scope of § 278.6(e)(5). There is no dispute that a violation was committed, and Plaintiff is not insulated from liability because the violation was committed, allegedly inadvertently, by an employee.  See Estremera v. United States, 442 F.3d 580, 586 (7th Cir. 2006) (rejecting store owner's argument that the district court erred by failing to take into

9

account her lack of knowledge of the violation); Traficanti v. United States, 227

F.3d 170, 174 (4th Cir. 2000) (noting that all circuit courts to address the question

"agree that penalties attach to the owner, regardless of fault"); Kim v. United

States, 121 F.3d 1269, 1273 (9th Cir. 1997) (holding that an innocent store owner

is liable even for employee-committed violations that are sanctionable by

permanent disqualification).  As the USDA pointed out in the Final Agency

Decision, Plaintiff "is liable for all transactions handled by store personnel," and

"[t]o allow store ownership to disclaim accountability for the acts of persons whom

the ownership chooses to utilize to handle store business would render virtually

meaningless the enforcement provisions of the Food and Nutrition Act."  (AR at

54.)  The employee's alleged inadvertence is, therefore, impliedly a result of

"carelessness or poor supervision" by Plaintiff.  Because the federal regulations

provide for a six month disqualification under these circumstances, the sanction is

not arbitrary or capricious.  Otto, 693 F.2d at 474 ("When the agency's action does

adhere to the guidelines, . . . the reviewing court may not overturn it as arbitrary

and capricious.").

   However, Plaintiff does dispute the USDA's finding that Plaintiff is

not eligible for a CMP in lieu of disqualification.  (See Opp.)  Title 7 C.F.R.

§ 278.6(f)(1) authorizes the USDA to impose a CMP in lieu of disqualification

when the firm sells a substantial variety of staple food items and "the firm's

disqualification would cause hardship to food stamp households because there is

no other authorized retail food store in the area selling as large a variety of staple

food items at comparable prices."  The issue before the Court, then, is whether the

USDA's decision not to impose a civil money penalty in lieu of disqualification

was unwarranted in law or without justification in fact.  See Affum v. United

States, 566 F.3d 1150, 1161 (4th Cir. 2009) ("[A] trial court may only overturn the

agency's choice of penalty if, on the de novo factual record, it is determined that

the [USDA] abused [its] discretion in declining to impose a civil money penalty in

lieu of disqualification.").

        The Government maintains that Plaintiff is ineligible for a CMP

because the Compliance Center found that the Broadway Grocery Stop is not the

only authorized retail food store in the area "selling as large a variety of staple food

items at comparable prices," and thus disqualification would not create a hardship

to customers.  (AR at 55; Mot. at 5.)  The Government asserts that there is no

genuine dispute with respect to these facts, and supports this assertion with an

affidavit executed by Kerrie E. McGuire ("McGuire"), a Dallas-based Program

Specialist for the FNS.  ("Aff. of Kerrie E. McGuire," Doc. # 17 Ex. 1.)  McGuire

states that in her role as a Program Specialist, she determined that there are stores

with comparable offerings and prices that accept SNAP benefits within a reasonable distance of Broadway Grocery Stop. (Aff. of Kerrie E. McGuire ¶ 4.) Specifically, McGuire states that Golden Food Mart, located .57 miles from Broadway Grocery Stop, meets this criteria. (Id. ¶ 5.) McGuire also noted that "[a] store is considered to have comparable foods and prices if they stock foods from all four staple food groups"—fruits and vegetables; dairy; meat, poultry and fish; and bread and pasta—at reasonable prices. (Id. ¶ 6, n.1.) Prices and foods need not be identical as long as all food groups are represented and the prices are reasonable. (Id.)

Plaintiff disputes the Compliance Center's finding that disqualification will not cause hardship to SNAP participants and claims that there is a genuine issue for trial regarding whether there are comparable stores in Broadway Grocery Stop's neighborhood. (Opp. at 3.) To establish the existence of a genuine issue of material fact, Plaintiff submitted an affidavit executed by Rahim Habib. ("Aff. of Rahim Habib," Doc. # 16 at 5–6.) According to Habib, the store closest to the Broadway Grocery Stop is a gas station five blocks away, which Habib states he "[does] not believe offers as many food staples as [his] store does." (Aff. of Rahim Habib at 5.) Habib asserts that the second closest convenience store is located at least one mile away and does not offer the same

variety of food staples as the Broadway Grocery Store.  (Id.)  Finally, Habib notes that most of his customers are walk-in customers, many of whom are disabled and cannot walk an additional several blocks or miles to purchase food.  (Id. at 5–6.)

As noted above, the issue before the Court is whether the USDA's decision not to impose a CMP was arbitrary and capricious.  Plaintiff will prevail if it can establish that the decision was unwarranted in law or without justification in fact.  Central to this issue is whether there are other authorized retail food stores in Broadway Grocery Stop's area selling as large a variety of staple food items at comparable prices.  The Government has submitted an affidavit answering that question in the affirmative, and the Plaintiff has submitted an affidavit answering that question in the negative.  At this stage, the Court may not make credibility determinations or give one of the competing affidavits more weight than the other and must draw all reasonable inferences in favor of the nonmoving party.  See Reeves, 530 U.S. at 150; see also Thorne v. Leroy Danos Maint. Servs., Inc., 683 F.Supp.2d 433, 442 (E.D. La. 2010) (holding that summary judgment was precluded where the parties had produced competing affidavits and the court would have to make a credibility assessment in order to resolve conflicting factual allegations).  Thus, the Court concludes that Plaintiff has established the existence of a genuine issue of material fact.

<u>CONCLUSION</u>

For the reasons stated above, the Court **DENIES** the Government's Motion for Summary Judgment without prejudice to refiling.  (Doc. # 14.)

IT IS SO ORDERED.

DATED: San Antonio, Texas, February 25, 2013.

_____
David Alan Ezra
Senior United States District Judge

14